**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1133
_____

PATRICIA J. LEE, on behalf of her minor children, M.C. and B.C.,
Appellant

v.

ALAN CHAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:22-cv-07266)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 19, 2023
Before: HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: July 26, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

Pro se appellant Patricia J. Lee appeals the District Court's dismissal of her

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

complaint, which she framed as a habeas petition seeking relief on behalf of her two minor children. For the reasons that follow, we will affirm the District Court's judgment.

Lee is presently involved in an ongoing divorce proceeding in the Superior Court of New Jersey for Bergen County, Chancery Division, Family Part. Pursuant to a court order in that proceeding from November 2021, Lee's two minor children were placed in the sole custody of their father, Alan Chan. Lee maintains that she was previously the primary caregiver for both children and that she did not receive notice of the November 2021 hearing where the custody order went into effect. She claims that Chan has colluded with the state court judge presiding over the divorce proceeding to strip her of custody and parenting time with her children.

Based on these allegations, Lee initiated an action in the District Court in December 2022, styled as a habeas petition under 28 U.S.C. § 2254. She claimed that her two children were "in custody" of Chan pursuant to a state court order and sought "release from their unlawful detention" on their behalf. See Compl. at 3. The District Court dismissed the complaint for lack of jurisdiction. Lee sought reconsideration, which was denied, and she timely appealed.[1]

The District Court appropriately dismissed Lee's complaint. "[F]ederal habeas has never been available to challenge parental rights or child custody." Lehman v.

_____

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo the District Court's dismissal of Lee's complaint for lack of jurisdiction. See Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).

2

Lycoming Cnty. Children's Servs. Agency, 458 U.S. 502, 511 (1982). Lee functionally "seeks to relitigate, through federal habeas, not any liberty interest of her [children], but the interest in her own parental rights." See id. at 511. Because "§ 2254 does not confer federal-court jurisdiction" for child custody disputes, see id. at 516, Lee cannot bring a § 2254 petition on behalf of her minor children who are currently in Chan's custody and leave to amend her § 2254 petition would be futile.

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2] We grant Lee's motion to file her reply brief out of time.